DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

SAMANTHA SCHOTT (NYBN 5132063)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    samantha.schott@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) NO. CR 18-0187 JSW |
| Plaintiff, | ) **GOVERNMENT'S SENTENCING MEMORANDUM** |
| v. | ) Sentencing date:   January 28, 2020 |
| KEVIN MARSHALL STEVENSON, | ) Sentencing time:   1:00 p.m. |
| Defendant. | ) |

## I.   INTRODUCTION

On October 1, 2019, defendant, Kevin Marshall Stevenson, pursuant to a Rule 11(c)(1)(C) plea of the Federal Rules of Criminal Procedure, pleaded guilty to Count Two of the Indictment, which charged the defendant with Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  The defendant has been in custody since his arrest on January 18, 2018, and in federal custody since June 14, 2018.

The government requests that the Court accept the plea agreement and sentence the defendant to the parties' agreed upon sentence of 96 months' custody, to be followed by a five year term of

GOVERNMENT'S SENTENCING MEMORANDUM
CR 18-0187 JSW

1

supervised release, with conditions to be determined by the Court, payment of a mandatory special assessment of $100, and forfeiture of the firearm used in the crime.  It is the government and the parties' view that this sentence is sufficient, but not greater than necessary, to achieve the sentencing goals of 18 U.S.C. § 3553(a).

## II.    DEFENDANT'S OFFENSE CONDUCT

On January 18, 2018, the defendant walked into the East West Bank on Webster Street in Oakland, California, carrying a firearm and intending to rob the bank.  The defendant brandished an unloaded firearm – a Ruger .357 Blackhawk – and jumped over a desk to get to the register area, demanding that the bank employees give him money from the registers.  PSR ¶ 8.  The defendant pointed his gun at several employees, ordering them to open the bank vault and fill his bag with the bank's money.  *Id*.  The defendant ran away from the bank with over $300,000.  PSR ¶ 11.  He was apprehended by police officers a few blocks away as he entered the Lake Merritt BART Station, carrying his bag full of cash and the Ruger firearm.  *Id*.

While the firearm was not loaded, the defendant's actions caused the victims significant anguish and to fear for their lives.  PSR ¶¶ 8-10.

## III.   SENTENCING GUIDELINES CALCULATION

Because the defendant's conviction of offense carries an 84-month mandatory minimum penalty, the Guidelines range is 84 months, regardless of criminal history.

## IV.    SENTENCING RECOMMENDATION

Section 3553(a) directs courts to consider a number of factors in determining an appropriate sentence.  In this case, the parties have agreed that these factors indicate that a sentence of 96 months' imprisonment is sufficient, but not greater than necessary, to achieve the goals of sentencing.  *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).  The key factors for the Court to consider here are the nature and circumstances of the offense and the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1), the need to afford adequate deterrence to criminal conduct, *id.* § 3553(a)(2)(B), and the need to protect the public from further crimes of the defendant, *id.* § 3553(a)(2)(C).  The Court should also consider the need to avoid unwarranted sentence disparities, *id*. § 3553(a)(6).

//

### a. The history and characteristics of the defendant, the need to afford adequate deterrence to criminal conduct, and the need to protect the public from further crimes of the defendant merit a sentence of 96 months' imprisonment

The defendant has one prior criminal conviction from December 2007, following his arrest for Robbery in the Second Degree, in violation of California Penal Code Section 211.  PSR ¶ 35. According to the San Leandro PD reports, the defendant was riding a bus in Oakland, California, early in the morning, when he and a juvenile accomplice struck up a conversation with the victim.[1]  The defendant then showed the victim a shotgun, which he had concealed in his waistband, and demanded the victim's property, before kicking the victim off the bus.  The defendant was apprehended a short time later, and SLPD officers recovered a loaded, sawed-off shotgun concealed in his pant leg.  The defendant was sentenced to five years' imprisonment for this conduct, and violated his parole at least once. PSR ¶ 19.  The defendant has no other convictions, but has numerous prior arrests, including several for domestic violence related crimes.  PSR ¶¶ 24-32.

While the defendant's criminal history is limited, it is violent in nature and involved the possession and display of a sawed-off shotgun – a type of firearm specifically prohibited because of its enhanced dangerousness.  The defendant has thus shown himself to be a significant danger to the community.  A sentence of 96 months' imprisonment is appropriate here to protect the public from further crimes of the defendant, and to deter the defendant from endangering the community by carrying and brandishing firearms in the future.

### b. The nature and circumstances of the offense merit a sentence of 96 months' imprisonment

The parties agree that an above-Guidelines sentence of 96 months' imprisonment is an appropriate sentence for the defendant's conduct in this case.  The defendant committed a gunpoint robbery of a financial institution, at a time when both employees and other customers were present. While the defendant's firearm was not loaded, the victims of his crime did not know that – instead, they justifiably believed that a loaded gun was being pointed at them, and that their lives were in danger.  The

---

[1] The referenced reports were previously produced to the defendant in discovery but were omitted in error from discovery produced to the Probation Officer.

GOVERNMENT'S SENTENCING MEMORANDUM
CR 18-0187 JSW

nature and circumstances of the offense merit a sentence of 96 months' imprisonment.

The defendant's history, and his conduct in this case, together demonstrate that the defendant is an individual who puts his own interests before those of the community, and who does not consider the consequences of his actions on his victims. Thus, having carefully weighed the sentencing factors described above, the government believes that a sentence of 96 months' imprisonment is appropriate here to protect the public from future crimes by the defendant. Such a sentence would constitute a progressive sentence over the defendant's prior robbery conviction, and would provide adequate deterrence against the defendant committing violent crimes and possessing firearms in the future. Furthermore, the recommended five-year term of supervised release to follow would provide sufficient time for the defendant to reintegrate into the community with the assistance of the Probation Officer, and to address the mental health and substance abuse concerns he currently faces.

## V.     CONCLUSION

In full consideration of the defendant's history and characteristics, and the nature and circumstances of the offense, together with the goals of sentencing, the government respectfully requests that the Court accept the plea agreement and sentence the defendant to 96 months' imprisonment, followed by five years of supervised release with the conditions set forth in the PSR, payment of a $100 special assessment, and forfeiture of the firearm.

Respectfully submitted,

Dated:  January 21, 2020

DAVID L. ANDERSON
United States Attorney

_____/s/_____
SAMANTHA SCHOTT
Assistant United States Attorney

GOVERNMENT'S SENTENCING MEMORANDUM
CR 18-0187 JSW

4